**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3091-16T3

VALERIE L. SMITH,

      Plaintiff-Appellant,

v.

BURLINGTON COUNTY
BRIDGE COMMISSION,

      Defendant-Respondent.

_____

> Argued September 27, 2018 – Decided October 17, 2018
>
> Before Judges Simonelli, O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1111-15.
>
> John F. Pilles, Jr. argued the cause for appellant.
>
> Carmen Saginario, Jr. argued the cause for respondent (Capehart & Scatchard, PA, attorneys; Carmen Saginario, Jr., on the brief).

PER CURIAM

Plaintiff Valerie L. Smith appeals from the March 9, 2017 order dismissing the following counts of her complaint: one, breach of contract as a third-party beneficiary of the Collective Negotiation Agreement (CNA); two, a 42 U.S.C. § 1983 action; four, a declaratory judgment that "just cause" for her termination was inappropriate; five, attorney's fees under 42 U.S.C. § 1988; and six, wrongful discharge under the employee handbook. We affirm for the reasons set forth in the thorough, thorough November 30, 2016 written opinion of Judge Susan L. Claypoole. We add the following comments.

Plaintiff worked as a Burlington County Bridge Commission (Commission) tower operator and was a member of Local 194, International Federation of Professional and Technical Engineers, AFL/CIO (the Union). As such, she was covered by the CNA between the Union and the Commission. Under Article 20 of the CNA "[t]he parties agree[d] to resolve problems arising from differences through the Grievance and Disciplinary Action procedures contained herein."

On January 26, 2015, the Commission initially suspended plaintiff without pay from her position after she did not follow proper procedure during

2

a test lift of the bridge the previous day. A <u>Loudermill</u>[1] hearing was conducted on January 29, 2015. On February 11, 2015, the Commission served plaintiff with a Notice of Disciplinary Action advising termination of her employment. She requested a disciplinary appeal hearing pursuant to the CNA. Before the parties agreed upon a hearing date, plaintiff filed a verified complaint in the Superior Court against the Commission. After numerous conferences with the court, the parties agreed to stay the litigation until after the disciplinary hearing.

The Commission conducted a hearing and sustained plaintiff's termination. Thereafter, plaintiff reinstated her complaint in the trial court. The complaint asserted counts for breach of contract as a third-party beneficiary of the CNA, violation of her due process rights under 42 U.S.C. § 1983, a prerogative writ claim to review the Commission's disciplinary action, a request for a declaratory judgment, attorney's fees under 42 U.S.C. § 1988, and wrongful discharge under the employee handbook. The Commission filed a motion to dismiss or alternatively, for summary judgment and plaintiff filed a cross-motion.

After hearing argument, Judge Claypoole dismissed counts one, two, four,

---

[1] <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985) (a pre-disciplinary hearing for public employees).

five, and six of plaintiff's complaint, agreeing with the Commission that plaintiff's only cognizable claim was the action in lieu of prerogative writs pursuant to Rule 4:69 raised in count three. Plaintiff later voluntarily dismissed count three and the judge dismissed plaintiff's complaint with prejudice on March 9, 2017. This appeal followed. On appeal, plaintiff argues the trial court erred in dismissing the above referenced counts as a matter of law. We disagree.

We review an order granting a motion to dismiss de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016) (citation omitted). A motion to dismiss a complaint for failure to state a cause of action must be denied if, giving plaintiff the benefit of all allegations and all favorable inferences, a cause of action has been made out. R. 4:6-2(e); see Burg v. State, 147 N.J. Super. 316, 319-20 (App. Div. 1977).

Plaintiff asserts error in the determination she did not have third-party beneficiary standing to bring a breach of contract claim against the Commission under the CNA. Plaintiff argues under Donnelly v. United Fruit Co., 40 N.J. 61 (1963), an individual bargaining unit member has standing to pursue a breach of contract action against his or her employer as long as the collective bargaining agreement does not contain a provision referring disciplinary disputes for arbitration. Plaintiff's reliance on Donnelly is misplaced. In Donnelly, our

A-3091-16T3

Supreme Court concluded "an individual employee has a statutorily-vested right to present his grievance to, and to have it determined by, his employer when the union declines to process it in his behalf." Id. at 87. The Court explained an employee only has redress through the courts when his or her employer and union representative refuse to hear or pursue the employee's grievance by the procedures set forth in the collective bargaining agreement. Id. at 92 (citations omitted). Here, the Commission did not refuse to hear her disciplinary appeal.

Plaintiff may have been a third party beneficiary to the CNA, however, the right to sue under the agreement is held by the Union, as the signatory to the agreement. Hynes v. Clarke, 297 N.J. Super. 44, 52 (App. Div. 1997) (citing Mossberg v. Standard Oil Co., 98 N.J. Super. 393, 402 (Law Div. 1967)). Plaintiff cannot sue under the CNA and her residual rights are limited. "[A]n employee covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." Troy v. Rutgers, 168 N.J. 354, 375 (2001) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 396 (1987)) (emphasis in original).

Moreover, the CNA explicitly provides "[i]t is understood that any disciplinary action, initiated by the Commission, against any member of the

5

[Union], does not constitute grievable matters." This clause alone illustrates the Commission and Union did not intend to grant individual Union members standing to challenge disciplinary actions in the court. Thus, we discern no error in the trial judge's dismissal of plaintiff's complaint for lack of standing.

Plaintiff additionally argues a right to de novo judicial review of "just cause" for her termination and argues her termination deserves more scrutiny than the permitted action in lieu of prerogative writs, which focuses on whether the government entity's action was arbitrary, capricious, or unreasonable. Plaintiff also asserts she has a viable claim for wrongful termination, independent of the breach of the CNA, under the Commission's employee handbook pursuant to Woolley v. Hoffmann-La Roche, Inc., 99 N.J. 284, 290-91 (1985). Plaintiff alleges the trial court erred in dismissing her 42 U.S.C. § 1983 count because she was denied procedural due process as the departmental hearing was delayed and she was denied meaningful discovery.

We have carefully reviewed the record regarding these additional arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3091-16T3